983 F.2d 1073
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Cusandra RIDGE, Plaintiff,
v.
NATIONAL ASSOCIATION OF LETTER CARRIERS, AFL-CIO,
Defendant-Appellee.
Appeal of THE LAW FIRM OF GOLDMAN AND MARCUS.
 No. 92-2413.
 United States Court of Appeals, Seventh Circuit.
 Argued Dec. 16, 1992.
Decided Jan. 14, 1993.
 
 Before CUDAHY, EASTERBROOK and MANION, Circuit Judges.
 
 Order
 
 1
 After plaintiff dismissed her complaint, the district judge awarded sanctions under Fed.R.Civ.P. 11 in favor of the defendant union. The order provides: "Sanctions are hereby fixed against Ridge's attorneys in the amount of $20,743.50." Gerald A. Goldman and Arthur R. Ehrlich were Ridge's attorneys, and, under Pavelic & LeFlore v. Marvel Entertainment Group, 493 U.S. 120 (1989), they rather than their law firm must satisfy the award of sanctions. Thus "the attorneys" must mean Goldman and Ehrlich personally.
 
 
 2
 The notice of appeal does not mention Goldman or Ehrlich. It reads, in full: "The LAW FIRM OF GOLDMAN AND MARCUS, hereby gives notice that it is appealing the Order of the District Court entered on May 18, 1992, which awarded Sanctions against the Plaintiff's attorneys." The appellant named in the notice of appeal was not directed to pay the sanction. Torres v. Oakland Scavenger Co., 487 U.S. 312 (1988), holds that the notice of appeal must list all appellants. This notice identifies only an entity against which no relief was ordered, and it does not name the two attorneys who were ordered to pay sanctions.
 
 
 3
 It may well be that the difficulty stems from the reference to "the attorneys" coupled with the fact, revealed at oral argument, that counsel were unaware of both Pavelic & LeFlore and Torres. Before Pavelic & LeFlore one might have supposed that attorneys and their partnership are the same entity. Before Torres one might have supposed that formal defects in a notice of appeal do not jeopardize appellate jurisdiction when they cause no prejudice to the adversary. See Hays v. Sony Corp., 847 F.2d 412, 414 (7th Cir.1988). Neither supposition is permissible after the Supreme Court's decisions. Rogers v. National Union Fire Insurance Co., 864 F.2d 557, 559-60 (7th Cir.1988) ("When a district court sanctions attorneys ... the attorneys must appeal in their own names."); Harrison v. Dean Witter Reynolds, Inc., 974 F.2d 873, 885-86 (7th Cir.1992) (same). According to Torres, the naming requirements for a notice of appeal are jurisdictional. This court has no option other than to dismiss the appeal for want of jurisdiction.
 
 
 4
 DISMISSED.